# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

GREGORY JENS,

        Plaintiff,

v.                                        Case No. 07-CV-617

WARDEN JEFFREY ENDICOTT,

        Defendant.

# ORDER

On July 3, 2007, petitioner Gregory D. Jens filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his December 5, 2002 conviction in the Circuit Court for Milwaukee County. Since that time, the parties have fully briefed the numerous issues raised in Jens's petition. After careful review of each of the grounds on which petitioner bases his claim for relief, the court finds the majority of those grounds are barred as a result of petitioner's guilty plea in circuit court. Additionally, the court finds that the remaining grounds have been procedurally defaulted.

## BACKGROUND

On the second day of his state court trial in the Milwaukee County Circuit Court, Jens pled guilty to the charges of first degree recklessly endangering safety, false imprisonment, first degree sexual assault, and assault and battery. Jens was convicted of these charges on December 5, 2002. The Wisconsin Court of Appeals affirmed Jens's conviction on January 25, 2005, and the Wisconsin Supreme Court

denied Jens's petition for review on May 11, 2005. On June 17, 2005, Jens filed a motion for post-conviction relief pursuant to Wis. Stat. § 974.06. The trial court denied Jens's motion on June 24, 2005. Jens filed an appeal and on October 24, 2006, the Wisconsin Court of Appeals affirmed the decision of the Circuit Court. On March 14, 2007, the Wisconsin Supreme Court denied Jens's petition for review of the denial of his motion for post-conviction relief. Subsequently, Jens filed his petition with this court. In its July 12, 2007 Order granting petitioner's IFP motion (Docket #3), this court detailed the numerous grounds forming the basis of Jens's petition.

> Jens habeas petition sets forth the following 18 grounds for relief: (1) he claims his Fourth Amendment right to be free from unreasonable searches and seizures was violated when his jail cell was searched, he was assaulted, and letters and other evidence he intended to use at his trial were taken from him; (2) he claims his Sixth Amendment rights were violated when he was segregated as a result of the assault and witnesses were intimidated; (3) he claims he was denied the effective assistance of counsel in violation of the Sixth Amendment when his trial counsel misrepresented to the court that she used an investigator to contact a potential defense witness, James McDonald, when in fact, no investigator was used; (4) he claims he was denied the effective assistance of counsel when his trial counsel failed to investigate a motive of bias pertaining to Cynthia Kissel, one of the state's witnesses; (5) he claims he was denied the effective assistance of counsel when his trial counsel and his appellate counsel failed to investigate other state witnesses and failed to disclose to Jens that charges against the victim were pending at the time of Jens' trial; (6) he claims he was denied the effective assistance of counsel when his trial counsel failed to challenge the use of inadmissible evidence; (7) he claims he was denied a speedy trial in violation of the Sixth Amendment; (8) he claims he was denied the effective assistance of counsel when his trial counsel failed to object to inaccurate sentencing information; (9) he claims the assistant district attorney engaged in prosecutorial misconduct by illegally searching his jail cell and intimidating witnesses; (10) he claims the assistant district attorney engaged in prosecutorial

misconduct by failing to provide the criminal histories of all the state's witnesses prior to trial; (11) he claims the assistant district attorney engaged in prosecutorial misconduct by punishing Jens prior to the adjudication of guilt and without due process of law; (12) he claims he was denied the effective assistance of counsel when his trial counsel and appellate counsel failed to discover evidence of motive and bias on the part of the victim and state's witnesses; (13) he claims he was denied the right to represent himself at trial in violation of the Sixth Amendment; (14) he claims the trial transcripts were altered or redacted; (15) he claims he was denied the effective assistance of counsel when his trial counsel and appellate counsel failed to challenge the admissibility of statements made by the victim; (16) he claims he was denied his Sixth Amendment right to confront witnesses against him; (17) he claims the cumulative effect of his counsel's errors resulted in a denial of effective assistance of counsel; and finally, buried in his fourth and fifth claims of ineffective assistance, (18) Jens claims his guilty pleas were not knowingly and voluntarily made.

(Order Granting IFP Mot. at 4-6). Respondent, thereafter, filed his Answer to Petition for Writ of Habeas Corpus (Docket #8), to which petitioner then filed a reply (Docket #16) on February 12, 2008. Respondent further developed his positions in a Brief in Opposition to Petition for Writ of Habeas Corpus (Docket #17), subsequent to which petitioner filed a motion for court to note his objections to respondent's brief (Docket #19). The claims having been fully briefed, the court now turns to the merits of Jens's petition. The court will grant petitioner's motion found at Docket #19; however, as earlier noted, the court does not find sufficient grounds on which to grant petitioner a writ of habeas corpus.

## LEGAL ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, governs the grant of a writ of habeas corpus. Under § 2254(d), if a constitutional claim was adjudicated on the merits by the state courts, a federal court

may only grant habeas relief based on that claim if the state court's decision is "contrary to" or "an unreasonable application of" clearly established federal law as determined by the U.S. Supreme Court, or if the state court's determination of the facts was unreasonable in light of the evidence presented. A state court decision must be more than incorrect from the point of view of the federal court; the AEDPA requires that it be "unreasonable," which means something like lying well outside the boundaries of permissible differences of opinion. *Williams v. Taylor*, 529 U.S. 362, 410-12 (2000).

Pursuant to 28 U.S.C. § 2254(a), the district court shall entertain an application for the writ on behalf of a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The conditions set forth in § 2254(a) are satisfied when the district court concludes there has been a violation of federal law and that the violation played a causal role in the state prisoner's custody. *See Aleman v. Sternes*, 320 F.3d 687, 690 (7th Cir. 2003). When the court considers whether the conditions set forth in § 2254(a) are satisfied, the court is required under the AEDPA to review the state court's adjudication on the merits deferentially and set the state court decision aside only if the court committed unreasonable error. *Ward v. Sternes*, 334 F.3d 696, 704 (7th Cir. 2003). Findings of fact made by the state courts are presumed correct and are rebutted only by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Foster v. Schomig*, 223 F.3d 626, 631 (7th Cir. 2000).

While the scope and standard of review for habeas issues is governed by the AEDPA, the reviewability of many of Jens's claims is governed by a trilogy of 1970 Supreme Court cases and their progeny. *See Brady v. United States*, 397 U.S. 742 (1970); *McMann v. Richardson,* 397 U.S. 759 (1970); *Parker v. North Carolina,* 397 U.S. 790 (1970). In that "1970 trilogy of cases, the Supreme Court set forth the general rule that a knowing and voluntary guilty plea bars the defendant from subsequently challenging alleged constitutional deprivations that occurred prior to the plea." *U.S. v. Seybold*, 979 F.2d 582, 585 (7th Cir. 1992). The Supreme Court gave a detailed explanation for the rationale underlying this principle in its 1973 decision in *Tollett v. Henderson*, 411 U.S. 258 (1973):

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in McMann.

*Id.* at 267. Essentially, the effect of this rule is that "[o]nce a plea of guilty has been entered, non-jurisdictional challenges to the constitutionality of the conviction are waived and only the knowing and voluntary nature of the plea may be attacked." *United States v. Brown*, 870 F.2d 1354, 1358 (7th Cir.1989). If, however, the plea was not made knowingly and voluntarily, then it would not act as a waiver. However, in the instant case, the record overwhelmingly demonstrates that Jens's plea was made knowingly and voluntarily.

Jens, who pled guilty to the charges against him, raised several issues in his petition relating to evidentiary matters pertaining to his trial. Such non-jurisdictional challenges to the constitutionality of his confinement were waived by his guilty plea. In Ground One he alleges his jail cell was searched, and documents which he intended to use to defend himself in court were removed from his cell. In Ground Two, he states his Sixth Amendment rights were violated by his being held in segregation while awaiting trial. In Grounds Nine, Ten and Eleven, Jens claims the prosecutor engaged in activities that intimidated witness, and that the prosecutor acted out of vindictiveness. All of these grounds (One, Two, Nine, Ten, and Eleven) raise issues as to the fairness of the trial, and whether Jens was able to present the evidence he wished to present in order to prevent the prosecution from meeting its burden of proof. However, Jens's conviction is not based on the prosecution having met its burden of proof; Jens's conviction is based on his knowing and voluntary guilty plea. *Gonzalez v. United States*, 210 F.2d 825 (1st Cir. 1954) (holding that a guilty plea could not be attacked on grounds that because evidence had been gathered illegally prosecution could not meet its burden, because conviction was based on defendant's pleading, not on the evidence.) As such, Jens waived these grounds when he pled guilty to the offenses charged. *McCloud v. Deppisch*, 409 F.3d 869, 871 n.1 (7th Cir. 2005) ("The general rule in Wisconsin is that a guilty plea waives all non-jurisdictional defects and defenses, including claims that the defendant's constitutional rights were violated prior to the plea." (citing *Mack v. State*, 286 N.W.2d 563, 566 (1980))).

-6-

Similarly, Grounds Four through Seven each contain allegations of ineffective assistance of counsel, all pertaining to events prior to and unrelated to defendant's guilty plea. Grounds Four and Five allege counsel was ineffective by failing to investigate certain witnesses. Ground Six charges ineffectiveness of counsel for a failure to challenge the admission of certain evidence, and Ground Seven claims counsel was ineffective for failing to object to waiver of speedy trial rights. As with the previous set of issues discussed, all these issues pertain to defendant's ability to receive a fair trial. All these claims of non-jurisdictional defects were waived by defendant's guilty plea for, again, defendant was not convicted at trial, he was convicted based on his plea, and none of these allegations of ineffective assistance of counsel relate to the voluntariness of that plea. *U.S. v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000) ("A voluntary guilty plea waives all nonjurisdictional defects in the proceedings against the defendant. This includes claims of ineffective assistance of counsel except insofar as the ineffectiveness is alleged to have rendered the guilty plea involuntary." (internal citations omitted)).

Jens further alleged ineffective assistance of counsel in Grounds Twelve and Fifteen, in which, respectively, he claims that counsel failed to discover evidence of motive and bias pertaining to Nikki Klaffka (the victim) and to Cindy Kissel (a witness for the state), and that counsel failed to challenge the admissibility of statements made by the victim to Kissel, which were deemed "excited utterances." Both of these grounds relate to the admission of evidence in Jens's trial. Thus, as before, both issues were waived when Jens pled guilty. Indeed, during his plea hearing

-7-

Jens stated that he agreed with the facts alleged in the complaint pertaining to the four charges to which he pled guilty, and he stated that he "agree[d] with the excited utterance of Nikki Klaffka that was made to Cindy Kissel." (Docket #10, Ex. O at 91). Likewise, Ground Seventeen alleges that the cumulative effect of his counselors' errors meant that he was denied effective assistance of counsel. As each instance of alleged ineffective assistance of counsel that Ground Seventeen seeks to cumulate has been shown to have been waived by Jens through his guilty plea, it obviously must follow that Ground Seventeen would similarly be waived by his plea.

Additionally, incident to his plea, Jens signed a Plea Questionnaire/Waiver of Rights form in which he certified that he understood he was giving up the "right to confront in court the people who testify against me and cross-examine them." (Id., Ex. C at R-Ap.164). Jens cannot, therefore, now challenge his imprisonment by alleging he was denied his right to confront witnesses against him – as he tries to do in Ground Sixteen. Ground Sixteen is accordingly waived, as is Ground Thirteen, in which Jens claims his Sixth Amendment rights were violated when he was denied the opportunity to represent himself. By pleading guilty, Jens waived the right to contest the trial court's determination he was not competent to represent himself at trial. *Gomez v. Berge*, 434 F.3d 940, 943 (7th Cir. 2006). Finally, Ground Fourteen is also waived. In Ground Fourteen, Jens claims that the trial record is either incomplete or has been redacted. He claims the missing information pertains to sidebar discussions pertaining to speedy trial rights, and the admissibility of certain

-8-

evidence. As previously detailed, claims based on alleged violations occurring prior to the guilty plea were waived when Jens pled guilty.

In sum, of the eighteen grounds alleged by Jens, only Grounds Three, Eight, and Eighteen were not waived by his guilty plea. However, Grounds Three and Eight were procedurally defaulted when Jens failed to brief them to the Wisconsin Court of Appeals. Instead of briefing these grounds, along with several others,[1] Jens attempted to incorporate them by reference in his § 974.06 motion before the Wisconsin Court of Appeals. However, the Wisconsin Court of Appeals explained: "We do not resolve issues not argued in the briefs filed in this appeal; accordingly, we limit our review to the two issues Jens addresses in his briefs. *See State v. Flynn*, 190 Wis. 2d 31, 58, 527 N.W.2d 343 (Ct. App. 1994)." (Docket #10, Ex. K ¶10). This rule – to not address arguments not contained within the brief – has been routinely followed by the Wisconsin Court of Appeals. *State v. Rozenski*, 2008 WL 894467, ¶1, n.1 (Wis. App. 2008). Despite his assertions to the contrary, Jens's pro se status does not exempt him from such procedural rules. *Waushara County v. Graf*, 480 N.W.2d 16, 20 (Wis. 1992) ("The right to self-representation is '[not] a license not to comply with relevant rules of procedural and substantive law.'" (quoting *Farretta v. California*, 422 U.S. 806, 834 n. 46, (1975))); *see also Ozaukee County v. Scott*, 2008 WL 786535, 4 (Wis. App. 2008) ("[A] respondent should not suffer a disadvantage for serendipitously being opposite a pro se appellant."). As

---

[1] The court notes that most of petitioner's claims are procedurally defaulted, as detailed and explained in respondent's opposition brief; however, given the fact that many of those claims were also waived, the court sees no reason to exhaust further resources in detailing these further deficiencies in petitioner's filing.

respondent points out, "the court of appeals' refusal to address the merits of any claim presented in the appendix to Jens's brief in his § 974.06 appeal, but not specifically addressed in the Argument section of that brief is an independent and adequate state law ground supporting the state court's judgment." (Resp's Opp. Br. at 21).

"[A]bsent a showing of cause and prejudice, federal habeas corpus review is precluded when a state court did not reach a federal issue because it applied a state procedural rule." *Gomez v. Jaimet*, 350 F.3d 673, 677 (7th Cir. 2003) (citing *Wainwright v. Sykes*, 433 U.S. 72, 90-91 (1977). "When, under this rule, the state court declines to review a claim not properly raised, the state court decision rests upon a state law ground that is both 'independent of the federal question and adequate to support the judgment.'" *Id.* (quoting *Coleman v. Thompson*, 501 U.S. 722, 729 (1991)). However, the independent and adequate state court decision only bars federal habeas review if "the last state court rendering judgment in the case 'clearly and expressly' states that its judgment rests on the state procedural bar." *Harris v. Reed*, 489 U.S. 255, 263 (1989).

To make a sufficient "showing of cause and prejudice" to overcome a procedural default, Jens would have to point to "some objective factor external to the defense" responsible for his error. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Or he would have to make a showing of actual innocence in order to invoke the "fundamental miscarriage of justice exception." *See Spreitzer v. Schomig*, 219 F.3d 639, 647-48 (7th Cir. 2000). Jens did not point to any objective external factors

-10-

relating to his failure to abide by the Wisconsin Court of Appeals' procedural rules. Nor did he trigger the "fundamental miscarriage of justice" exception, for he failed to make any showing that "it was more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Additionally, it is clear from the fact that the court of appeals (the last state court to render judgment) did not even consider the arguments he failed to brief, that indeed the court of appeals was clearly and expressly relying on the state procedural bar. Thus, Grounds Three and Eight were procedurally defaulted.

It is, however, less clear if petitioner's final remaining ground, Ground Eighteen was procedurally defaulted. Ground Eighteen, which the court draws from petitioner's assertions in Grounds Four and Five, alleges Jens's guilty pleas were not made knowingly and voluntarily. The crux of Ground Eighteen is that at the time of pleading, Jens was unaware of certain evidence (none of it exculpatory), which may have aided his case. The inference being that he would not have pled guilty had he known of this evidence. This was one of only two claims properly briefed to the Wisconsin Court of Appeals. However, the court of appeals found that though properly briefed, this claim was procedurally barred by the language of § 974.06[2] and by *State v. Escalona-Naranjo*, 517 N.W.2d 157 (1994) ("First, all grounds for relief

---

[2] All grounds for relief available to a person under this section must be raised in his or her original, supplemental or amended motion. Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the person has taken to secure relief may not be the basis for a subsequent motion, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental or amended motion.

Wis. Stat. § 974.06(4).

-11-

under sec. 974.06 must be raised in a petitioner's original, supplemental, or amended motion. . . . Second, if the defendant's grounds for relief have been finally adjudicated, waived or not raised in a prior postconviction motion, they may not become the basis for a sec. 974.06 motion."). Jens attempted to argue that he avoided this bar based on the ruling in *State ex rel. Rothering v. McCaughtry*, 556 N.W.2d 136 (Wis. App. 1996) that ineffective post-conviction counsel could be a sufficient reason for why an issue that could have been raised on direct appeal was not. *Id.* at 682. However, other than conclusively stating that *Rothering* applied, Jens did not offer evidence or persuasive argument as to why it should apply. Indeed, there is nothing to indicate that *Rothering* would apply, thus, the court of appeals was correct in finding Jens's claim that his plea was unknowing and involuntary was procedurally barred. However, the reason it is less clear if Jens procedurally defaulted Ground Eighteen, is because, though the court of appeals found procedural default for this claim, it did go on to consider the merits of the claim. This raises the question of whether the court of appeals' judgment rests "clearly and expressly" on the state procedural bar. *See Harris*, 489 U.S. at 263. Yet, though it may be less clear that the court relied on the state bar for Ground Eighteen than it was for Grounds Three and Eight,[3] it is still sufficiently clear, given the court's language, as well the applicable case law, that the court was clearly and expressly relying on the procedural bar. (Docket #10, Ex. K ¶1) ("While we conclude

---

[3] In fact, most of the grounds raised in Jens's petition were procedurally defaulted; however, given the fact that they were also waived by his guilty plea, there was nothing to be gained by explaining their default as well.

-12-

that the issues raised in Jens's motion are procedurally barred by the plain language of § 974.06, and by [Escalono], and *State v. Lo*, 2003 WI107, 264 Wis. 2d 1, 665 N.W.2d 756, we further conclude that even if barred, Jens has failed to demonstrate that his guilty plea was not knowing, voluntary, or intelligent."); (Id., Ex. K ¶ 31) ("The issues raised in Jens's Wis. Stat. § 974.06 motion are procedurally barred pursuant to § 974.06, *Escalona-Naranjo*, and *Lo.*"); *See also Hope v. McCaughtry*, 2008 WL 906229, 9 (E.D. Wis. 2008) ("A Wisconsin court's holding that a petitioner's claim is barred by the procedural rule set forth in Escalona-Naranjo constitutes an adequate independent state ground for the decision, *see Perry v. McCaughtry*, 308 F.3d 682, 692 (7th Cir. 2002), and therefore, ordinarily, when the state court relies upon the Escalona-Naranjo rule, the petitioner's federal habeas petition must fail."). Because the court of appeals relied on an independent and adequate ground for its ruling, the petitioner's claim in Ground Eighteen is defaulted.

## CONCLUSION

Though petitioner's claims were sufficient to survive the court's Rule 4 screening, upon further briefing Jens's claims were shown increasingly meritless. Indeed, all the claims raised in Jens's petition were either waived by his guilty plea, or procedurally defaulted.

Accordingly,

**IT IS ORDERED** that petitioner's Motion for the Court to Note his Objections to Respondent's Brief (Docket #19) be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that petitioner's Petition for Writ of Habeas Corpus (Docket #1) be and the same is hereby **DENIED** with prejudice.

The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 12th day of February, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge